

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2009

# Holly L. Cardy v. Steven D. Barnes

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3519

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Holly L. Cardy v. Steven D. Barnes" (2009). *2009 Decisions.* Paper 78.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/78

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3519
_____

HOLLY L. CARDY

v.

STEVEN D. BARNES; ERIC R. HEIL; CHAD
FINDLAY; CITY OF FRANKLIN, PENNSYLVANIA;
RYAN ASHBAUGH; BOROUGH OF SUGARCREEK

CHAD FINDLAY,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 07-cv-106)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
December 17, 2009

Before:  SLOVITER, JORDAN and GREENBERG, *Circuit Judges*.

Filed: December 18, 2009
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

We have jurisdiction to review a summary judgment order denying qualified immunity "*only to the extent that it turns on an issue of law*." *Ziccardi v. City of Phila.*, 288 F.3d 57, 61 (3d Cir. 2002) (*quoting Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). In this case, the accounts of the incident underlying the claim of excessive force and the competing assertion of qualified immunity raise material issues of fact. As explained by the District Court:

> We have an alleged eyewitness ... [a]nd he testified that the plaintiff was – that she was picked up approximately a foot off the ground and violently slammed to the ground. At which time he claimed he audibly heard her ankle bone snap. ... In contrast, Officer Findlay testified that he performed a controlled takedown maneuver, which did not involve violently slamming the plaintiff to the ground as she claimed. But involved a twisting procedure whereby the plaintiff was taken down to her stomach.

(App. at A6-A7.) Later the Court stated, "the fundamental flaw in the defendants' qualified immunity analysis is that [it is] based upon the factual premise or predicate ... that the takedown occurred in a controlled and non-violent manner. That contention, however, ... is hotly disputed by the plaintiff." (App. at A12-A13.)

Because there is a fundamental factual dispute pertaining to the question of qualified immunity, we lack jurisdiction and, accordingly, will dismiss the appeal.

2